STATE OF WISCONSIN    CIRCUIT COURT    WALWORTH COUNTY
FAMILY COURT BRANCH

In re the marriage of:

KATHI JO STEBNITZ,

    Petitioner,

Case No. 08-FA-210

-and-

FILED
CIRCUIT COURT

DANIEL JAMES STEBNITZ,

NOV 1 7 2008

    Respondent.

CLERK OF COURTS - WALWORTH CC
ELIZABETH MCERLEAN, DEPUTY

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT OF DIVORCE

The above-entitled action, having been heard before David M. Reddy, Walworth County Family Court Commissioner, at the Walworth County Judicial Center, Elkhorn, Wisconsin, on October 9, 2008, with Petitioner, Kathi Jo Stebnitz appearing in person and by her attorneys Thorpe & Christian, S.C., by Kelly C. Nickel, and Respondent, Daniel James Stebnitz appearing in person, and by his attorneys Wassel, Harvey & Schuk, LLP, by Attorney Steven Wassel, the Court does hereby make these findings of facts, conclusions of law and judgment of divorce:

### FINDINGS OF FACT

1. For at least six months before the commencement of this action, both parties were continuous residents of the state of Wisconsin, and of this county for at least 30 days prior to the commencement; further, all necessary parties have been duly served and ordered to appear, and 120 days have lapsed since the date of service of the summons and petition upon the respondent.

2. The petitioner in this action Kathi Jo Stebnitz, born May 27, 1961, who resides at 211 N. 5th Street, in the City of Delavan, County of Walworth, Wisconsin 53115; and is by occupation a dining room manager.

3. The respondent in this action Daniel James Stebnitz, born August 30, 1957, who resides at W7705 Creek Road, in the Town of Darien, County of Walworth, Wisconsin 53115; and is by occupation an owner of Stebnitz Builders, Inc.

4. The parties were married on February 7, 1981 in Walworth County.

5. Two children have been born to this marriage who are no longer minors; and the wife is not pregnant.

EXHIBIT 2

6. Neither party has begun any other action for divorce, legal separation, or annulment anywhere.

7. Neither party has been previously married.

8. The marriage is irretrievably broken and there is no prospect of reconciliation.

9. The parties' assets, interests therein, the values thereof, and encumbrances and debts are found to be as set forth in their Financial Disclosure Statements.

10. Each party has in his or her possession the personal property that each party wishes to retain.

11. The parties' Marital Settlement Agreement, as amended in court on the record, to provide that the payments under paragraph II (f)(2) will not terminate for any reason during the first 5 years; however, that during the second 5 years the payments shall terminate upon the remarriage of the Petitioner; is approved in its entirety, and is incorporated as the judgment of this divorce.

## CONCLUSIONS OF LAW AND JUDGMENT

11. **Divorce.** The marriage between the petitioner in this action Kathi Jo Stebnitz, born May 27, 1961, who resides at 211 N. 5th Street, City of Delavan, County of Walworth, Wisconsin 53115; and is by occupation a dining room manager and the respondent in this action Daniel James Stebnitz, born August 30, 1957, who resides at W7705 Creek Road, in the Village of Darien, County of Walworth, Wisconsin 53115; and is by occupation an owner of Stebnitz Builders, Inc., is dissolved, and the parties are divorced effective immediately on October 9, 2008, except as the parties are informed by the court that under Wis. Stat. § 765.035(2):

> It is unlawful for any person, who is or has been a party to an action for divorce in any court in this state, or elsewhere, to marry again until six months after judgment of divorce is granted, and the marriage of any such person solemnized before the expiration of six months from the date of the granting of judgment of divorce shall be void.

12. **Maintenance.** Maintenance is held open to the Petitioner for the sole purpose of securing payment of the Respondent's financial obligations as set forth in the parties' Marital Settlement Agreement.

13. **Marital Settlement Agreement.** The parties' Marital Settlement Agreement, as amended in court on the record, to provide that the payments under paragraph II (f)(2) will not terminate for any reason during the first 5 years; however, that during the second 5 years the payments shall terminate upon the remarriage of the Petitioner; is approved in its entirety, and is incorporated as the judgment of this divorce.

14. **Noncompliance.** Disobedience of the court orders is punishable under Wis. Stat. ch. 785 by commitment to the county jail or house of correction until the judgment is complied with and the

costs and expenses of the proceedings are paid or until the party committed is otherwise discharged, according to law.

15. **Entry of Judgment.** The clerk of courts per Wis. Stat. § 806.06(1),(2) shall enter this judgment forthwith by affixing a file stamp that is dated.

Dated this 17 day of ~~October~~ November, 2008.

BY THE COURT:

_____
Honorable David M. Reddy
Walworth County Family Court Commissioner

_____
Court Clerk

Approved as to form:

_____ SBN 01003231
Attorney Steven Wassel

THORPE & CHRISTIAN, S.C.
By: Attorney Kelly C. Nickel (1033989)
1624 Hobbs Drive, Suite 1
P.O. Box 386
Delavan, WI 53115
(262) 740-1971

-3-

STATE OF WISCONSIN   CIRCUIT COURT   WALWORTH COUNTY
FAMILY BRANCH

---

KATHI JO STEBNITZ

    Petitioner,

and

DANIEL JAMES STEBNITZ

    Respondent.

**MARITAL SETTLEMENT AGREEMENT**

Case No. 08 FA 210
Case Code: 40101

FILED
CIRCUIT COURT

OCT 09 2008

Clerk of Courts - Walworth Co.
ELIZABETH MCERLEAN, DEPUTY

---

This agreement is between Kathi J. Stebnitz, petitioner, and Daniel J. Stebnitz, respondent. In consideration of the mutual terms and provisions as hereinafter stated, both parties agree that the terms and provisions of this agreement may be incorporated by the court in the pending divorce action between the parties in the conclusions of law and judgment to be entered therein; however, this agreement shall independently survive any such judgment; and in that respect the parties agree as follows:

### I. MAINTENANCE

Maintenance to both parties is permanently waived and shall be denied pursuant to Wis. Stat. § 767.59(1c)(b), except that maintenance to the petitioner is held open for the sole and express purpose of insuring that the property division payments from the respondent to the petitioner as set forth herein are paid. Once said obligation has been paid in full, maintenance to the petitioner shall be foreclosed. The petitioner shall be estopped, pursuant to Nichols v. Nichols, 469 N.W.2d 619 (Wis. 1991), and Rintelman v. Rintelman, 118 Wis. 2d 587, 348 N.W.2d 498 (1984), from seeking maintenance for any other purpose.

### II. PROPERTY DIVISION

As a full, final, complete and equitable property division, each party is awarded the following property:

**Petitioner**

    (a)  Community Bank Money Market Account with balance of not less than $25,000;

    (b)  Checking and savings accounts in her name;

(c) All AG Edwards accounts in either party's name, including respondent's Simple IRA;

(d) 2006 Toyota Solara;

(e) Personal property in her possession; and

(f) Cash Payments:

1. Seventy Thousand Dollars ($70,000.00) plus 6% interest payable over five (5) years, payable monthly in the amount of $1,353.30 to commence November 9, 2008. The respondent may pre-pay, and shall not be considered in contempt if he misses a payment so long as he is at least on schedule for making 60 monthly payments.

2. Two Thousand Dollars ($2,000.00) per month commencing November 9, 2008, and monthly thereafter for ten (10) years with no interest. These payments shall terminate upon the remarriage of the petitioner regardless of the amount of the balance due.

**Respondent**

(a) Stebnitz Builders, Inc. stock and assets;

(b) Stebnitz Builders, LLC and all assets held therein;

(c) Community Bank health savings account;

(d) Community Bank checking and savings accounts

(e) 2000 and 2006 Polaris 4-wheelers with trailer;

(f) Personal property in his possession; and

(g) Fractional interest in vacant land in Lincoln County, Wisconsin.

(h) Life insurance policies in his name. However, the respondent shall name the petitioner as a beneficiary of said life insurance so long as his total financial obligation to make property division payments to the petitioner is $160,000 or more. Once said total obligation is less than $160,000, the respondent may name a beneficiary of his choosing.

2

## III. DISPOSITION OF RESIDENCE/OTHER REAL PROPERTY

The respondent shall be awarded all right, title, and interest in the parties' residence located at W7705 Creek Rd., Delavan, Wisconsin, and legally described below, subject to the outstanding mortgage thereon owing to Associated Loan Services in the current approximate amount of $113,000; and the petitioner shall be divested of all right, title, and interest therein and saved harmless from any and all liability thereon.

Legal Description:

PARCEL 1: A parcel of land located in the Northeast 1/4 of Section 23, T2N, R15E of Walworth County, Wisconsin, described as follows, to-wit: Beginning at the Northeast corner of said Section 23, thence West along the North line of said Section 23, 130.00 feet to a point, thence South parallel to the East line of said Section 23, 169.00 feet to an iron pipe, thence East parallel with the North line of said Section 23, 130.00 feet to the East line of said Section 23, thence North along the East line of said Section 169.00 feet to the place of beginning.

PARCEL 2: A parcel of land located in the Northeast 1/4 of Section 23, T. 2N., R. 15 E. of Walworth County, Wisconsin, described as follows: Commencing at the Northeast corner of said Section 23; thence S 89° 10' W along the north line of said Northeast 1/4, 130.00 feet to the place of beginning; thence South parallel with the east line of said Northeast 1/4, 169.00 feet; thence S 89° 10' W parallel with the north line of said section 108.26 feet; thence North parallel with the east line of said section 169.00 feet; thence N 89° 10' E 108.26 feet to the place of beginning.

3

Case 15-02016-beh    Doc 1-2    Filed 01/09/15    Page 6 of 10

## IV. DEBTS AND FINANCIAL OBLIGATIONS

A. Each of the parties shall be responsible for the following debts and liabilities, and each shall hold the other harmless for the payment thereof:

| Creditor's Name and Address | Property | Current Balance | Monthly Payment | Obligor |
|---|---|---|---|---|
| Bank of America Visa | Credit Card | unknown | variable | Petitioner |
| Associated Loan Services | Mortgage | $113,000 | $1,261 | Respondent |
| Stebnitz Builders, Inc. | Business | Variable | none | Respondent |
| Stebnitz Builders, LLC | Business | Variable | none | Respondent |

Further, the respondent shall be solely responsible as co-signer of the parties' children's student loans and shall save and hold harmless the petitioner from any liability thereon.

The respondent shall, within a reasonable time, refinance the mortgage on the residence of the parties or alternatively, have the petitioner's name removed from the mortgage, so long as said action does not require the respondent to pay an amount greater than 1% above his current mortgage obligation.

Each party warrants that he or she has not incurred any debts or liabilities that are unpaid other than those disclosed above. Any outstanding debt or liability not disclosed shall be the responsibility of the person who incurred it, and that party shall hold the other harmless for its payment.

Each party shall hold the other harmless from any claim by any of the above creditors, and each shall hold the other harmless from any claim by the creditors against any security for any of the obligations.

B. Each party is responsible for any debt or liability incurred by him or her after the execution of this agreement, with each party holding the other harmless for its payment.

4

## V. TAXES

Both parties agree that for the year 2008, all income received by each party is his or her individual property and each party is responsible for his or her own tax liabilities and holds the other harmless.

For the purposes of this final stipulation, this paragraph is deemed to be a marital property agreement pursuant to Section 766.58, Wis. Stats. All income earned or received by each party for the taxable year 2008 is hereby classified as that party's individual property, including state and federal withholding and shall be reported as such for state and federal income tax purposes. Each party shall pay any and all amounts of taxes due on any and all individual income earned by each party for the taxable year 2008 and shall hold the other party harmless for the payment of such taxes thereto, despite any other payment or reporting allocation ordered by any governmental body.

## VI. ATTORNEY FEES

Each of the parties shall be responsible for his or her own attorney fees, no contribution being required by either party.

## VII. LEGAL SURNAME RESTORATION

The petitioner shall have the right forthwith to resume the use of her former legal surname of Lamb, if she so desires.

## VIII. EXECUTION OF DOCUMENTS

Now or in the future, on demand, the parties agree to execute and deliver any and all documents that may be necessary to carry out the terms and conditions of this stipulation. The following documents shall be executed: Deed to the parties' residence, title to the petitioner's vehicle.

## IX. VOLUNTARY EXECUTION/NATURE OF AGREEMENT

Both parties acknowledge that they have entered into this marital settlement agreement of their own volition with full knowledge and information, including tax consequences. In some instances, the agreement represents a compromise of disputed issues. Both parties assume equal responsibility for the entire contents of the agreement. Each believes the terms and conditions to be fair and reasonable (under the circumstances). No coercion or undue influence has been used by or against either party in making this agreement. All of the agreement's terms are intertwined and interconnected and shall not be

5

severed or modified. It is agreed that the terms and provisions are interdependent.

## X. DIVESTING OF PROPERTY RIGHTS

Except as otherwise provided for in this agreement, each party shall be divested of and waives, renounces, and gives up pursuant to Wis. Stat. § 767.61 all right, title, and interest in and to the property awarded to the other. All property and money received and retained by the parties shall be the separate property of the respective parties, free and clear of any right, title, interest, or claim of the other party, and each party shall have the right to deal with and dispose of his or her separate property as fully and effectively as if the parties had never been married.

## XI. MUTUAL/GENERAL RELEASE

Each party releases the other from any claim of any nature whatsoever that may exist on the date of the execution of this document. Neither party may, at any time hereafter, sue the other, or his or her heirs, personal representative, and assigns, for the purpose of enforcing any or all of the rights relinquished and/or waived under this agreement. Both parties also agree that in the event any suit shall be commenced, this release, when pleaded, shall constitute a complete defense to any such claim or suit so instituted by either party.

## XII. FULL DISCLOSURE AND RELIANCE

Pursuant to Wis. Stat. § 767.127, each party warrants to the other that there has been an accurate, complete, and current disclosure of all income, assets, debts, and liabilities. Both parties understand and agree that deliberate failure to provide complete disclosure constitutes perjury. The property referred to in this agreement represents all the property that either party has any interest in or right to, whether legal or equitable, owned in full or in part by either party, separately or by the parties jointly. This agreement is founded on a financial disclosure statement of each party, an exhibit at trial, which documents are incorporated by reference herein. Both parties relied on these financial representations when entering into this agreement.

6

## XIII. SURVIVAL OF AGREEMENT AFTER JUDGMENT

Both parties agree that the provisions of this agreement shall survive any subsequent judgment of divorce and shall have independent legal significance. This agreement is a legally binding contract, entered into for good and valuable consideration. It is contemplated that in the future either party may enforce this agreement in this or any other court of competent jurisdiction.

10/9/08
Date

Kathi J. Stebnitz,
Petitioner

10/9/08
Date

Kelly Nickel,
Attorney for Petitioner
State Bar No. 1033989

10/8/08
Date

Daniel J. Stebnitz,
Respondent

Oct. 8, 2008
Date

Steven R. Wassel
Attorney for Respondent
State Bar No. 01003231

Wassel, Harvey & Schuk, LLP
1034D Ann Street
PO Box 524
Delavan, WI 53115
(262) 728-0700