```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF WISCONSIN
```

In RE:    DANIEL J. STEBNITZ           Chapter 7 Bankruptcy
                                        Case No.: 13-32097-MDM
          Debtor.

**MICHAEL F. DUBIS, TRUSTEE IN BANKRUPTCY**
**208 E. Main Street**
**Waterford, WI 53185**

          Plaintiff,
v.                                      Adversary No.:15-02016-MDM

**JOSHUA B. STEBNITZ,**
**NICHOLE M. SALAZAR,**
**MOLLY J. STEBNITZ, and**
**KATHI J. STEBNITZ,**

          Defendants.

### NOTICE OF DEBTOR'S MOTION TO INTERVENE

PLEASE TAKE NOTICE that the Debtor, Daniel J. Stebnitz, by his attorneys, RIZZO & DIERSEN, S.C., by Attorney Nathan M. Jurowski and Attorney Piermario Bertolotto, filed a motion to intervene in this adversary proceeding.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with you attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one)

If you do not want the court allow the Debtor to Intervene in this adversary proceeding, or if you want the Court to consider your views on the Motion, then on or before 21 days after service of this notice, you or your attorney must:

```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE EASTERN DISTRICT OF WISCONSIN
```

In RE:    DANIEL J. STEBNITZ           Chapter 7 Bankruptcy
                                        Case No.: 13-32097-MDM
          Debtor.

**MICHAEL F. DUBIS, TRUSTEE IN BANKRUPTCY**
**208 E. Main Street**
**Waterford, WI 53185**

          Plaintiff,
v.                                      Adversary No.:15-02016-MDM

**JOSHUA B. STEBNITZ,**
**NICHOLE M. SALAZAR,**
**MOLLY J. STEBNITZ, and**
**KATHI J. STEBNITZ,**

          Defendants.

### NOTICE OF DEBTOR'S MOTION TO INTERVENE

PLEASE TAKE NOTICE that the Debtor, Daniel J. Stebnitz, by his attorneys, RIZZO & DIERSEN, S.C., by Attorney Nathan M. Jurowski and Attorney Piermario Bertolotto, filed a motion to intervene in this adversary proceeding.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with you attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one)

If you do not want the court allow the Debtor to Intervene in this adversary proceeding, or if you want the Court to consider your views on the Motion, then on or before 21 days after service of this notice, you or your attorney must:

File with the Court a written objection for hearing which shall contain a short and plain statement of the factual and legal basis for the objection. File your written objection at:

> Clerk of Bankruptcy Court
> Eastern District of Wisconsin
> 517 E. Wisconsin Avenue, Rm. 126
> Milwaukee, WI 53202-4581

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to:

> Attorney Nathan M. Jurowski
> Rizzo & Diersen, S.C.
> 549 Milwaukee Avenue
> Burlington, WI 53105

and

> Attorney Piermario Bertolotto
> Rizzo & Diersen, S.C.
> 3505 30th Avenue
> Kenosha, WI 53144

If you, or your attorney, do not take these steps, the Court may decide that you do not opposed the Motion and may allow the Debtor to proceed.

Dated this 11th day of February, 2015.

> RIZZO & DIERSEN, S.C.
> Attorneys for Debtor
>
> By: /s/ Nathan M. Jurowski
> Nathan M. Jurwoski
> State Bar No.: 1073590
>
> By: /s/ Piermario Bertolotto
> Piermario Bertolotto
> State Bar No.: 1044687

RIZZO & DIERSEN, S.C.
Attorneys at Law
3505 - 30th Avenue
Kenosha, WI 53144
Phone: (262)652-5050
Fax: (262)652-5053

| | |
|---|---|
| In RE: **DANIEL J. STEBNITZ** | **Chapter 7 Bankruptcy** |
| Debtor. | **Case No.: 13-32097-MDM** |

**MICHAEL F. DUBIS, TRUSTEE IN BANKRUPTCY**
208 E. Main Street
Waterford, WI 53185

      Plaintiff,
v.                                              Adversary No.:15-02016-MDM

**JOSHUA B. STEBNITZ,**
**NICHOLE M. SALAZAR,**
**MOLLY J. STEBNITZ, and**
**KATHI J. STEBNITZ,**

      Defendants.

### DEBTOR'S MOTION TO INTERVENE

NOW COMES the Debtor, Daniel J. Stebnitz, by his attorneys, RIZZO & DIERSEN, S.C., by Attorney Nathan M. Jurowski and Attorney Piermario Bertolotto, and hereby moves this Honorable Court, pursuant to 28 U.S.C. §7024, for an order permitting the Debtor to Intervene, both as a Matter of Right and as Permissive Intervention, pursuant to F.R.Civ.P. Rule 24; and further the Debtor states as follows:

1.    On November 18, 2008, the Defendant, Kathi J. Stebnitz, and the Debtor, Daniel J. Stebnitz, were granted a divorce.

2.    As part of that the divorce decree, the Debtor was ordered to make two separate monthly payments, one for five years,

the second for ten years.

3. Due to the Debtor's financial hardship, which was the precursor to the Debtor filing for Chapter 7 relief, the Debtor lost the ability to continue to make court ordered payments pursuant to the divorce decree; and as a result, the Defendant initiated a state court action for contempt.

4. To avoid the risk of remedial sanctions, and to obtain a reduction in monthly payments owed to the Defendant, and to receive a reduction in his overall financial obligation under the divorce decree, the Debtor agreed to the Defendant's proposal; which was memorialized as a stipulated agreement and made an order of the court December 14, 2012.

5. The terms of this December 14, 2012, agreement required that the Debtor transfer ("TRANSFER") his one-third interest in the Spring Valley Camp, LLC, an estimated $71,633.33, in exchange for a reduction in his overall financial obligation by $85,000.

6. On September 10, 2013, as a result of his continued financial hardship, the Debtor filed for Chapter 7 relief. *See* 13-32097.

7. On January 9, 2015, this present adversary proceeding was filed to avoid the Transfer.

8. The Debtor has an interest in preserving the Transfer, and a disposition of the adversary proceeding may impair or impede his ability to protect his interest unless he is permitted to intervene.

## **STANDARDS FOR INTERVENTION**

For the Movant to successfully Intervene as of Right, the Movant must show that the Movant:

> Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

F.R.Civ.P. Rule 24(a)(2).

For the Movant to successfully intervene on a Permissive Intervention, the Movant must show that the Movant "has a claim or defense that shares with the main action a common question of law or fact." F.R.Civ.P. Rule 24(b)(1)(B).

1. Here, the Debtor has an interest in preserving the Transfer.

2. The Transfer by the Debtor was his consideration in exchange for the Debtor receiving: a reduction in his overall family court obligation; a reduction in his monthly payment obligation; and eliminating the threat of other remedial sanctions as ordered if found in contempt of court.

3. If the Transfer is avoided, the Debtor would: incur an additional $85,000 in obligation; be subject to additional monthly payments; and may face remedial contempt proceedings.

4. Existing parties do not adequately represent the Debtor's interest.

5. The Debtor shares several defenses in relation to common questions of law and fact.

6. Those defenses are further outlined in the attached Answer, but are summarized here as follows:
- a. The Transfer was for the partial satisfaction of a domestic support obligation (DSO);
- b. Avoiding the Transfer would be detrimental to the estate, as it would create an additional $85,000 in liability to the estate;
- c. Kathi J. Stebnitz, is a priority creditor, and would receive the proceeds from avoidance of the Transfer;
- d. The Transfer was made in exchange for new, and valuable consideration;
- e. Kathi J. Stebnitz was not an insider;
- f. Creditor, and defendant, Kathi J. Stebnitz, did not receive more than she otherwise would have under the bankruptcy;
- g. The debtor did not intend to defraud any existing creditors or thereby shield this interest from creditors;
- h. The debtor did not have actual intent to hinder, delay, or defraud any entity;
- i. The Transfer was of personal property and not real property;
- j. The defendants, Joshua Stebnitz, Nichole Salazar, and Molly Stebnitz, are third party beneficiaries to the December 14, 2012, martial agreement.

**WHEREFORE**, the Debtor, Daniel J. Stebnitz, requests that the Court grant his motion to intervene, and order that the Debtor be made a party to this action.

Dated this the 11th day of February, 2015.

RIZZO & DIERSEN, S.C.
Attorneys for Debtor


/s/ Nathan M. Jurowski
Nathan M. Jurowski
State Bar No.: 1073590



/s/ Piermario Bertolotto
Piermario Bertolotto
State Bar No.: 1088687

RIZZO & DIERSEN, S.C.
Attorneys at Law
3505 - 30th Avenue
Kenosha, WI 53144
Phone: (262)652-5050
Fax:   (262)652-5053

Case 15-02016-mdm    Doc 5    Filed 02/11/15    Page 7 of 9

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In RE:   DANIEL J. STEBNITZ | Chapter 7 Bankruptcy |
| | Case No.: 13-32097-MDM |
| Debtor. | |

**MICHAEL F. DUBIS, TRUSTEE IN BANKRUPTCY**
**208 E. Main Street**
**Waterford, WI 53185**

      **Plaintiff,**
v.                                                                Adversary No.:15-02016-MDM

**JOSHUA B. STEBNITZ,**
**NICHOLE M. SALAZAR,**
**MOLLY J. STEBNITZ, and**
**KATHI J. STEBNITZ,**

      **Defendants.**

## AFFIDAVIT OF MAILING

STATE OF WISCONSIN   )
                     ) ss
COUNTY OF RACINE     )

      I, Kelly Wampole, being first duly sworn on oath, depose and say that I mailed a true copy of the **NOTICE OF MOTION, DEBTOR'S MOTION TO INTERVENE, and DEBTOR'S ANSWER TO PLAINTIFF'S COMPLAINT** in the above-entitled action, to the person(s) named and at the addresses stated hereinafter, by enclosing the same in an envelope which was postpaid for first class handling, which bore the sender's return address of RIZZO & DIERSEN, S.C. 549 Milwaukee Avenue, Burlington, Wisconsin, 53105, and which was mailed in Kenosha, Wisconsin, on February 11, 2015.

**NOTICE VIA CM/ECF:**

U.S. Trustee Eastern District

Michael Dubis
Chapter 7 Trustee

**NOTICE VIA FIRST CLASS MAIL:**

Molly Stebnitz
324 S. Terrace Street
Delavan, WI 53115

Joshua Stebnitz
2649 Lake Wood Drive
Dyer, IN 46311

Lawrence Clancy
1200 North Mayfair Road, Ste. 430
Milwaukee, WI 53226-3282

Nichole Salazar
52 Turnbridge Dr.
Lumberton, NJ 08048

Kathi Stebnitz
324 S. Terrace St.
Delavan, WI 53115

Dated this the 11th day of February, 2015.

/s/ Kelly Wampole
Kelly Wampole

Subscribed and Sworn to before me
this 11th day of February, 2015.

/s/ Nathan M. Jurowski
Notary Public,
Racine County, State of Wisconsin
My Commission is permanent.

RIZZO & DIERSEN, S.C.
Attorneys at Law
3505 - 30th Avenue
Kenosha, WI 53144
Phone: (262)652-5050
Fax:   (262)652-5053