UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In RE:

**DANIEL J. STEBNITZ**
    Debtor

Case No.: 13-32097-BEH
Chapter 7

**MICHAEL F. DUBIS, Trustee in Bankruptcy.**
    Plaintiff
v.

Adversary No.:15-02016-BEH

**JOSHUA B. STEBNITZ,**
**NICHOLE M. SALAZAR,**
**MOLLY J. STEBNITZ, and**
**KATHI J. STEBNITZ,**
    Defendants

**DANIEL J. STEBNITZ,**
    Intervening Defendant

## STIPULATION TO RESOLVE ADVERSARY MATTER AFTER MEDIATION

### RECITALS

WHEREAS, this adversary case, (the "Adversary"), was caused to be filed by the Trustee Michael F. Dubis, (the "Trustee"), as Trustee for the Bankruptcy Estate of Daniel J. Stebnitz, (the "Debtor/Debtor Defendant"), against Joshua B. Stebnitz ("Joshua"), Nichole M. Salazar ("Nichole"), Molly J. Stebnitz ("Molly") and Kathi J. Stebnitz, ("Kathi"), (all together the Non-Debtor Defendants), collectively the Trustee, Debtor/Debtor Defendant and Non-Debtor Defendants shall be referred to a the "Parties"); and

WHEREAS, the Parties were ordered to mediate the

Adversary with the Honorable Margaret Dee McGarity, ("MDM"); and

WHEREAS, the Parties at the mediation with MDM held on January 22, 2016, reached a settlement to the Adversary resolving all claims among and between the Parties.

**STIPULATION**

It is hereby stipulated by and between the Parties as follows:

1. On or before May 23, 2016, (120 days from the date of the mediation with MDM), the Debtor/Debtor Defendant shall cause to be paid to the Trustee Forty Thousand Dollars and 00/100 ($40,000.00), (the "Settlement Funds"), in full satisfaction of any and all of Trustee's claims against the Bankruptcy Estate of Daniel J. Stebnitz in this Adversary.

2. To effectuate the delivery of the Settlement Funds to the Trustee by the Debtor/Debtor Defendant, Joshua, Molly and Nichole agree to take all steps necessary to sign and transfer over their respective membership interest in Spirit Valley Camp, LLC, to the designated purchaser(s) of that interest, and shall cooperate to effectuate the contemplated sale of their respective interests to the designated purchaser(s).

3. Kathi agrees to receive a net amount of Fifty Thousand Dollars and 00/100, ($50,000.00), ("Kathi's Funds"), as full satisfaction of any and all claims against the Debtor/Debtor Defendant stemming from the relief sough in the Adversary and associated with the transfer of the LLC Interest, as defined below.

Kathi's Funds shall consist of: (1) her actual distribution received from Claim #7 filed on April 29, 2014, in bankruptcy case 13-32097, (the "Claim Amount Received") ; and (2) a promissory note, (the "Note"), from the Debtor/Debtor Defendant.  The Note shall be finalized promptly after the Claimed Amount Received is paid to Kathi by the Trustee, the Note payments shall begin at that time and be equal to $100 per month.  Payments under the Note shall be tendered simultaneously with the ongoing payments from the Debtor/Debtor Defendant.  The Note shall include a liquidated damages provision that in the event payments are not made for sixty (60) days after they are due under the terms of the Note, there shall be a one time $5,000.00 principal balance penalty added to the balance of the Note and Kathi shall have all rights under applicable laws to collect the Note balance.  Finally, the Debtor/Debtor Defendant agrees to increase and maintain his current term life insurance policy to cover the balance of the Note, and to continue to list Kathi as the beneficiary of said policy.

    4.  In the event that the Trustee does not receive the Settlement Funds on or before May 23, 2016, the provisions of paragraphs one to three above shall not apply, and the Trustee shall: (1) be entitled to a full judgment for all relief sought in the Complaint filed by the Trustee on January 9, 2015, without need for further pleading or proceeding and without costs; (2) Joshua, Nichole, and Molly shall within ten (10) days thereafter transfer and deliver their membership interest(s) in Spirit Valley Camp,

LLC, (the "LLC"), to the Trustee; and (3) the Debtor/Debtor Defendant shall waive any objection to an entry of an order by the Court to that effect.

5. Trustee's Counsel shall file a Notice of Motion and Motion to seek the Courts approval of the Stipulation to Resolve Adversary Matter After Mediation.

6. This Stipulation shall replace and supercede the Stipulation filed in this matter on January 15, 2016.

Dated this 25th day of January, 2016.

RIZZO & DIERSEN, S.C.

BY: /s/ Piermario Bertolotto
Piermario Bertolotto
Attorneys for Debtor/Debtor Defendant

STAFFORD ROSENBAUM LLP

BY:/s/ Lawrence Clancy
Lawrence Clancy
Attorneys for the Trustee of the
Bankruptcy Estate Michael F. Dubis

NICKOLAI & POLETTI LLC

BY:/s/ Anton Nickolai
Anton Nickolai
Attorneys for Defendants,
Joshua D. Stebnitz, Nichole M. Salazar, Molly J. Stebnitz and Kathi J. Stebnitz

RIZZO & DIERSEN, S.C.
Attorneys at Law
3505 - 30th Avenue
Kenosha, WI 53144
Phone: (262)652-5050
Fax:   (262)652-5053

Case 15-02016-beh    Doc 47    Filed 03/02/16    Page 4 of 4